### 32521. ULEY *v.* THE STATE.

GARDNER, J. (*a*) The defendant was convicted of illegally shooting at, toward and into an occupied dwelling house. The defendant filed his motion for a new trial on the usual general grounds and two special grounds. This motion was overruled. On this judgment he assigns error here. It is conceded by able counsel for the defendant that the evidence is sufficient, though conflicting, to sustain the verdict on the general grounds.

(*b*) There are two special grounds. The first one sets forth that the day after the shooting the sheriff, after having visited the dwelling house of Henry Bell (which was shot into), testified that there were possibly fifty shots which hit in the front of the house. The sheriff then went to the defendant's store in front of the defendant's house. The sheriff had no search warrant. The wife of the defendant obtained a pistol from under the mattress and permitted the sheriff to get two single barrel shot guns, a double barrel shot gun, a 25 calibre rifle and one pistol. The sheriff did not recall whether the defendant was there or not. The sheriff did not go in the house of the defendant, but went in his store. The sheriff stated that he did not know whether any of the guns which he procured were the ones used in shooting into the house. The defendant did not give the sheriff permission to seize the guns. Over objection of the defendant, the State introduced the three-

shotguns and the pistol. The objections made to the introduction of these firearms were: (1) because they had not been identified as the guns or pistol used in the shooting; (2) said guns and pistol were illegally taken from the storehouse without the consent of the defendant and without a search warrant; (3) because the introduction of such an "arsenal of guns" illegally obtained, would tend to prejudice the jury against the defendant; (4) because the evidence of the sheriff was irrelevant, immaterial and inadmissible.

The second special ground is because the court over objection of the defendant, allowed a witness to testify that some time shortly after the shooting, and on several other occasions, the witness saw the defendant in the road with a rifle which looked like a 22 calibre rifle. The admission of this testimony was objected to, (a) because it was since the alleged crime and in no way had any connection with the alleged crime for which the defendant was on trial; (b) because the possession of the rifle six months after the alleged offense would in no way establish the crime for which the defendant was on trial. The brief of evidence reveals that there was a great mass of evidence tending to show the state of the defendant's mind toward Henry Bell, who occupied the dwelling house which was shot into. There was no objection to any of this evidence. There is no contention as to the court's charging or failing to charge any principle of law involved in this case. The evidence reveals that previously to shooting into the house the defendant shot Henry Bell. This was a similar transaction and evidence was admitted regarding same without objection. The State's evidence showed that the entire trouble started because the defendant shot off a pistol in front of Henry Bell's place of business. The defendant gave this pistol to one of the witnesses. After a quarrel with Bell the defendant went to his house and got a rifle and shot Bell. A short time. thereafter the defendant went back towards his home and exchanged the rifle for a shotgun and returned to Bell's dwelling house and shot into the dwelling house.

Under the record of this case we can not see why the introduction of this "arsenal of guns" as counsel for the defendant terms them, could have prejudiced the defendant's case before a jury who heard all the testimony.

With reference to special ground 2, the evidence showed without dispute that Bell was shot with a 22 calibre rifle and the defendant in his statement admits that he got a rifle from his house and shot Bell. All of this evidence referred to was admitted along with a volume of other evidence on the question of the state of mind of the defendant.

With reference to the shooting of Bell by the defendant with a 22 calibre rifle, the evidence was introduced as to the shooting of Bell on the ground that it was a similar offense and there was no objection as to this. And as heretofore stated, there was no objection to the charge of the court to this effect.

Able counsel for the defendant cite the case of *Nolan* v. *State*, 14 *Ga. App.* 824 (82 S. E. 377), in support of his assignment of error under special ground 1. That case is distinguished from the instant case on its facts.

594

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided July 11, 1949.

W. C. *Hodges*, for plaintiff in error.
R. L. *Dawson, Solicitor-General,* contra.